# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. COUNCIL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 1:14CV59 SNLJ |
| NATIONAL ASSET RECOVERY SVCS., | ) ) ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq*., for alleged race and age discrimination. Plaintiff filed his complaint after the limitations period expired. The Court will therefore dismiss this action under 28 U.S.C. § 1915(e).

Plaintiff received two right-to-sue letters: one from the Equal Employment Opportunity Commission ("EEOC") dated January 23, 2012, and one from the Missouri Commission on Human Rights ("MCHR") dated February 14, 2014. Plaintiff filed this lawsuit on May 5, 2014.

A plaintiff in a Title VII action has ninety (90) days from receipt of the EEOC right to sue letter to file a civil action. 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. E.g., Braxton v. Bi-State Development Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period from the date of the receipt of the EEOC right to sue letter elapsed on approximately April 23, 2014. Plaintiff did not file this suit until twelve days after the ninety-day period ended. Even allowing for a five-day mailing period, the complaint is time-barred.

The case is dismissed. See Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992) (statute of limitations proper ground for dismissal under 28 U.S.C. § 1915(e)).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 14th day of July, 2014.

*/s/ Stephen N. Limbaugh, Jr.*
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE